UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AIDA R.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C19-5987-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING FOR AWARD OF BENEFITS**

Plaintiff Aida R. seeks review of the denial of her application for Disability Insurance Benefits. She contends the ALJ erred in (1) assessing her need to change positions, (2) finding she could perform light work, (3) evaluating her testimony, and (4) assessing the lay witness evidence. Dkt. 12. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an immediate award of benefits.

## BACKGROUND

Plaintiff applied for benefits in September 2014, alleging disability as of June 15, 2014. Tr. 173. At a July 2016 ALJ hearing, she amended her claim to a closed period of disability, with her alleged disability ending on December 31, 2015. Tr. 41-42. In November 2016, the ALJ issued a decision finding plaintiff not disabled for the closed period. Tr. 16-28. Plaintiff sought judicial review, and in December 2018, this Court issued an order reversing the Commissioner's

decision and remanding for further administrative procedures. Tr. 925-39. On remand, the ALJ

held another hearing in June 2019 and, on August 6, 2019, issued a decision again finding

plaintiff not disabled for the closed period. Tr. 794-808. Plaintiff again seeks judicial review in

this Court.

## DISCUSSION

### A.      Plaintiff's testimony

Plaintiff challenges the ALJ's evaluation of the medical evidence and her daily activities

in assessing her symptom testimony. An ALJ is required to provide clear and convincing reasons

to reject a claimant's symptom testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir.

2001). An ALJ does this by making specific findings supported by substantial evidence.

"General findings are insufficient; rather, the ALJ must identify what testimony is not credible

and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834

(9th Cir. 1996). The ALJ failed to meet these standards in rejecting plaintiff's symptom

testimony.

### 1.      *Medical evidence*

Plaintiff argues that the ALJ erred in assessing the medical evidence by equating mild

clinical findings to causing only mild symptoms, and by citing to only mild findings and leaving

out significant observations of doctors, particularly with respect to the diagnosis of chronic pain.

Dkt. 12 at 7. These were the same errors this Court found in the ALJ's assessment of plaintiff's

symptom testimony in the previous decision. Tr. 933-34. The ALJ failed to correct these errors in

the decision at hand.

In the previous order, this Court found that the ALJ's reliance on improvement with

treatment failed to account for evidence that plaintiff consistently reported and exhibited clinical

signs of pain and muscle spasms after surgery designed to treat those symptoms. Tr. 933. In the decision at hand, the ALJ again relied on plaintiff's report that her breast reduction surgery improved her back spasms but not her neck pain. Tr. 801. The ALJ again failed to account for her continued reports and clinical findings of pain. Tr. 506-08, 584-86, 543, 544, 567. The ALJ also relied on plaintiff's report of 30-35% subjective improvement in back symptoms with physical therapy. Tr. 801. But the ALJ failed to note the physical therapist's assessment that this reported improvement was not reflected in plaintiff's pain rating, her range of motion measurements, or her continued functional deficits. Tr. 672. The ALJ's finding of improvement with treatment is again unsupported by substantial evidence.

This Court also concluded in the previous order that the ALJ improperly relied on isolated treatment notes that were not consistent with the record as a whole in finding that plaintiff's pain symptoms were not supported by her treatment records. Tr. 933-34. Again, as in the prior decision, the ALJ relied on a clinical observation that plaintiff moved with normal coordination to undermine plaintiff's reports of pain that brought her to tears, without explaining how pain and coordination are mutually exclusive. Tr. 802. And the ALJ again focused primarily on findings of mild limitations in range of motion without discussing other examination results showing considerably reduced range of motion. Tr. 545, 802. The ALJ again erred by failing to consider the record as a whole in evaluating plaintiff's pain symptoms.

2.      *Daily activities*

Plaintiff argues that the ALJ erred in finding that plaintiff's daily activities showed she was employable during the closed period. Dkt. 12 at 13. This Court previously found that the ALJ erred in assessing plaintiff's daily activities. Tr. 935-36. The ALJ also failed to correct this error.

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR AWARD OF BENEFITS - 3

1    In its previous order, this Court found that the ALJ disregarded evidence that plaintiff left

2    her prior employment due to pain; the part-time nature of her prior employment; the fact that the

3    job she started at the end of the closed period was part-time, entails a split shift with a break

4    between work periods, and allows her to change positions between standing and sitting; and the

5    evidence that plaintiff's pain affected her ability to do household activities and she sometimes

6    required help. Tr. 935. In the decision at hand, the ALJ again disregarded this evidence.

7    The ALJ found that plaintiff's ability to be a dedicated caretaker for her children, in

8    combination with her ability to work part-time, showed the capacity for full-time work. Tr. 804.

9    The ALJ found that plaintiff's statement that she had to force herself to care for her children

10   showed that she was able to perform caregiving activities when required. Tr. 804. And the ALJ

11   noted plaintiff's reports that while work leaves her with less energy for her children and her job

12   could be a struggle at times, she also reported that she enjoyed her job and the example it set for

13   her children. Tr. 804.

14   Daily activities that are transferrable to a work setting may be grounds for an adverse

15   credibility finding. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). But daily activities that do

16   not contradict a claimant's other testimony or meet the threshold for transferrable work skills

17   cannot form the basis of an adverse credibility determination. *Orn v. Astrue*, 495 F.3d 625, 639

18   (9th Cir. 2007). The ALJ may not penalize a claimant for attempting to live a normal life in the

19   face of his limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).

20   The ALJ identified plaintiff's ability to help her children get ready for school, prepare

21   meals, and do household chores as activities that showed she was able to work. Tr. 804. These

22   activities do not rise to the level of transferrable work skills, and the ALJ did not identify

23   contradictions between these activities and her testimony. Instead, the ALJ penalized plaintiff for

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR AWARD OF BENEFITS - 4

1   her efforts to care for her children and for her ability to work part time in a job that allows

2   significant accommodations for her impairments. The ALJ again erred in finding plaintiff's daily

3   activities showed she could work during the closed period.

4         The ALJ failed to provide clear and convincing reasons, supported by substantial

5   evidence, for discounting plaintiff's symptom testimony.

6         **B.**      **Lay witness statements**

7         Plaintiff argues that the ALJ failed to properly asses the lay witness statements of

8   plaintiff's daughter, Ms. Iverson, and her former supervisor, Ms. Mahoney. Dkt. 12 at 11-12. The

9   ALJ must give germane reasons, specific to the witness, for disregarding lay witness testimony.

10   *See Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006).

11         *1.*      *Ms. Iverson*

12         Ms. Iverson stated in March 2015 that plaintiff experienced headaches as often as one to

13   three times monthly and that these headaches interfered with plaintiff's ability to stay focused on

14   any one activity and restricted her from driving, cooking, or cleaning. Tr. 240. The ALJ found

15   that plaintiff had admitted to being able to perform these activities. Tr. 806. And the ALJ gave

16   more weight to the opinion of consulting doctor Leslie Arnold, M.D., who the ALJ noted was an

17   acceptable medical source with expertise in diagnosing medical impairments and assessing

18   functional limitations. Tr. 806.

19         Plaintiff argues that the ALJ erred by ignoring evidence that plaintiff is in fact limited in

20   performing the activities Ms. Iverson identified and by implicitly rejecting the statement of

21   plaintiff's daughter in favor of the opinion of a reviewing doctor who had no contact with

22   plaintiff or her providers. Dkt. 12 at 12.

23

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR AWARD OF BENEFITS - 5

Ms. Iverson stated that plaintiff was restricted from performing certain activities while experiencing a headache, not that she was unable to do them at all. The ALJ's rejection of her statement on the basis that plaintiff admitted she could perform these activities was not based on substantial evidence.

The ALJ's decision to give more weight to Dr. Arnold's opinion was neither specific to Ms. Iverson nor germane to the evaluation of lay witness evidence. Lay witnesses are capable of "making independent observations of the claimant's pain and other symptoms." *Dodrill v. Shalala*, 12 f.3d 915, 919 (9th Cir. 1993). The fact that a lay witness is not a doctor is not, in itself, a valid reason to discount her testimony. And while an ALJ may reject lay witness evidence that conflicts with medical evidence, *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001), the ALJ did not identify a conflict or inconsistency between Ms. Iverson's statement and Dr. Arnold's opinion. The ALJ failed to give any specific, germane reasons for discounting Ms. Iverson's statement.

### 2.    *Ms. Mahoney*

Ms. Mahoney, plaintiff's supervisor at her previous job, submitted a report on plaintiff's job performance in which she stated plaintiff was punctual, respectful, worked well with others, timely, exercised good decision-making, and did well with change. Tr. 242-43. Ms. Mahoney related that plaintiff reported back pain and difficulty walking; she was sad to see plaintiff go, but they had no light-duty work available for her. *Id.*

The ALJ found that Ms. Mahoney's report was supportive of the RFC finding of less than the full range of light work. Tr. 805. The ALJ noted that Ms. Mahoney's definition of "light duty" was unclear, indicating a lack of program knowledge, and as a result the ALJ gave her opinion that plaintiff could perform light duty work very little weight. *Id.*

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR AWARD OF BENEFITS - 6

1    Plaintiff argues that the ALJ erred by omitting any mention that plaintiff's pain was so

2   bad she had trouble with walking. Dkt. 12 at 13. Although the ALJ noted that plaintiff performed

3   this job on a part-time basis for several months after the alleged onset date, the ALJ found that

4   Ms. Mahoney's statement was indicative of her ability to sustain full-time work. Tr. 805. This

5   finding is unsupported by substantial evidence. Although the Court finds no error in the ALJ's

6   decision to give no weight to Ms. Mahoney's opinion that plaintiff could perform light-duty

7   work, the ALJ's assessment of her statement is otherwise deficient.

8       **E.    Remand for benefits**

9    Plaintiff asks the Court to remand this case with an instruction to award benefits. Dkt. 12

10  at 14. The Court may remand for an award of benefits where (1) the record has been fully

11  developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has

12  failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or

13  medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ

14  would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995,

15  1020 (9th Cir. 2014). Courts have flexibility in applying this rule and may instead remand for

16  further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact,

17  disabled." *Id.* at 1021.

18      The Court finds that an award of benefits is appropriate in this case. After two hearings,

19  the record regarding the closed period at issue in this case has been fully developed. The ALJ

20  failed, for the second time and for the same reasons, to provide legally sufficient reasons for

21  rejecting plaintiff's testimony, and improperly rejected lay witness evidence. And, if plaintiff's

22  testimony were credited as true, the ALJ would be required to find her disabled on remand. The

23

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR AWARD OF BENEFITS - 7

Court finds that the record as a whole does not create serious doubt that plaintiff was, during the closed period, disabled.

Although plaintiff challenges the ALJ's assessment of her need to change positions and the finding that she could perform light work, the Court finds that resolution of these issues is not necessary in light of the Court's finding that remand for an award of benefits.

**CONCLUSION**

The Commissioner's decision is **REVERSED** and this case is **REMANDED** for an immediate award of benefits.

DATED this 19th day of June, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR AWARD OF BENEFITS - 8